CASE 5—INDICTMENT—DECEMBER 5.

# Commonwealth vs. Blincoe and others.

APPEAL FROM THE JEFFERSON CIRCUIT COURT.

When the grand jury refused to find any indictment, no further prosecution being attempted, the principal cognizor and his sureties had a right to presume that the prosecution was ended, and that his formal appearance afterwards would be an idle and unnecessary act.

JOHN RODMAN, Attorney General,             For Appellant.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

J. H. Blincoe, charged before an examining court with procuring money under false pretenses, executed a recognizance with the appellees, R. M. Smock and S. B. Smock, as his sureties, for his appearance at the next term of the Jefferson circuit court to answer the charge.

At the appearance term, the grand jury, on the 5th of April, 1867, ignored two successive indictments presented to them by the prosecuting attorney, and no further prosecution of the charge was attempted, or was either indicated or probable. Nevertheless, on the 6th day of April, 1867, Blincoe having failed to appear on that day,

Commonwealth vs. Blincoe and others.

the court rendered a judgment of forfeiture, to enforce which a summons was, on the 11th of April, 1867, issued against the principal and sureties for judgment of execution, to which the sureties responded that the indictments having been thus ignored, their principal was thereby liberated from his obligation to appear, and there was no charge in court for him to answer; and the circuit court rightfully so adjudged and dismissed the *scire facias*.

When the grand jury refused to find any indictment, the principal cognizor and his sureties had a right to presume that the prosecution was ended, and that his formal appearance afterwards would be an idle and unnecessary act, as we also think it would have been, and as this court virtually adjudged in the *Commonwealth vs. Roberts* (4 *Metcalfe*, 219).

Wherefore, the judgment is affirmed.